# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, BUILDING & PUBLIC
WORKS LABORERS VACATION FUND, and
JOHN J. SCHMITT (in his capacity as Trustee),

      Plaintiffs,

 v.                                                Case No. 13-C-1366

KCM EXCAVATION & LANDSCAPING, LLC,

      Defendant.

## ORDER GRANTING DEFAULT JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs filed this action on December 4, 2013, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132, 1145. Plaintiffs are employee benefit plans and John Schmitt, a trustee and fiduciary of the Wisconsin Laborers' Health Fund. Defendant is a Wisconsin limited liability company that has allegedly entered into several collective bargaining agreements with the Wisconsin Laborers District Council. Plaintiffs allege that Defendant violated ERISA by failing or refusing to pay contributions on behalf of its employees to the Plaintiff Funds, as required by the collective bargaining agreements. Plaintiffs also allege that Defendant has failed to accurately report employee work status to Plaintiffs and that Defendant has denied Plaintiffs' auditor access to books and records needed to complete an audit for the period of April 1, 2011 to the present. (Compl. ¶¶ 3–4, 7–8, 12, 16, ECF No. 1.)

Plaintiffs served Defendant on February 26, 2014, making Defendant's answer due by March 19, 2014. (ECF No. 4.) Defendant has failed to appear or otherwise defend, and at

Plaintiffs' request, the Clerk has entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). On March 28, 2014, Plaintiffs filed a "Motion for Entry of Injunctive Relief" and an accompanying proposed order explaining that Plaintiffs seek a default judgment as to liability and an injunction ordering Defendant to (1) turn over all pertinent books and records for the period of April 1, 2011 to the present date to Plaintiffs' auditor, or (2) submit to an on-site audit of the same. (ECF No. 10.) Plaintiffs also seek an order that Defendant shall pay the additional costs and expenses incurred by Plaintiffs due to Defendant's refusal to produce all requested records on the original audit date.

On default, "the well-pleaded allegations of the complaint relating to liability are taken as true," and those "relating to the amount of damages suffered ordinarily are not." *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (quoting *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1989)). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." *DiMucci*, 879 F.2d at 1497 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Based on the allegations in Plaintiffs' complaint, the court holds that Defendant has violated ERISA, 29 U.S.C. § 1145, for failing to pay required contributions in accordance with its collective bargaining agreements on behalf of its covered employees, and Plaintiffs are entitled to the relief specified in 29 U.S.C. § 1132(g)(2), including the amount of the unpaid contributions, interest on the unpaid contributions or liquidated damages, and reasonable attorney's fees and costs.

As for Plaintiffs' request for injunctive relief, under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a participant, beneficiary, or fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate

equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." "Equitable relief" under § 1132(a)(3) includes "categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (citing *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993)). The court concludes that the requested injunctive relief is appropriate, as it is necessary to determine damages in this action. Plaintiffs allege that Defendant was required under the collective bargaining agreements to file monthly reports and make prompt contributions on behalf of its employees, and that Defendants have failed to comply with these obligations. (Compl. ¶¶ 11–12.) Defendant's failure to appear in this action necessitates that Plaintiffs have access to its books and records for the relevant period. *See Illinois Conference of Teamsters & Emp'rs Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1364 n.1 (7th Cir. 1995) (observing that § 1132(a)(3) may authorize an audit of an employer's books and records).

**IT IS THEREFORE ORDERED:**

(1) that pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff's request for default judgment against Defendant is GRANTED. Defendant has violated the ERISA, 29 U.S.C. § 1145, for failing to pay required contributions in accordance with its collective bargaining agreements on behalf of its covered employees, and Plaintiffs are entitled to the relief specified in 29 U.S.C. § 1132(g)(2), including the amount of the unpaid contributions, interest on the unpaid contributions or liquidated damages, and reasonable attorney's fees and costs; AND

(2) that the Defendant KCM Excavation & Landscaping, LLC shall submit within thirty (30) days of the date of this Order to an audit of the company's books and records by the Plaintiff Funds' designated representative covering the period of April 1, 2011 to the present date for any and all

employees of Defendant by mailing or emailing all pertinent records to Daniel Dahl, Field Auditor, Combined Crafts Statewide Audit Program at 2901 West Beltline Highway, Suite 100, Madison, WI 53713-4231 or dand@bpalja.com; OR

(3) that the Defendant KCM Excavation & Landscaping, LLC shall submit within thirty (30) days of the date of this Order to an on-site audit of the company's books and records by the Plaintiff Funds' designated representative covering the period of April 1, 2011 to the present date for any and all employees of Defendant; AND

(4) that the Defendant KCM Excavation & Landscaping, LLC shall pay the additional costs and expenses incurred by the Plaintiff Funds' field auditor necessitated by Defendant's refusal to produce all requested records on the original audit date; AND

(5) that the results of said audit shall be submitted to the court within ten (10) days of the completion of the audit, no later than sixty (60) days after Plaintiff receives Defendant's books and records or commences an on-site audit. The court will then assess Plaintiffs' damages and enter judgment accordingly.

**SO ORDERED** this   3rd   day of April, 2014.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court